IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HARBAR HOMES, INC.,** | ] |
| Plaintiff, | ] |
| v. | ] 2:11-CV-2191-KOB |
| **J. BROOKS HARRIS, individually, et al.,** | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This copyright infringement case comes before the court on the following motions: "Motion for Summary Judgment of Defendants J. Brooks Harris and Harris & Doyle Homes, Inc." (doc. 38); "Motion for Summary Judgment of Defendant Jim Brown" (doc. 36); "Motion of Defendant Jim Brown to Strike the Statement of Regina Ashmore" (doc.49); "Motion of Defendant Jim Brown to Strike Plaintiff's Exhibit 2" (doc. 50); and "Defendant's J. Brooks Harris and Harris & Doyle Homes, Inc.'s Motion to Strike Exhibit 6 to Plaintiff's Response in Opposition to Summary Judgment." (doc. 53).

The court finds the following motions are moot because of its prior order dismissing James Brown as a Defendant (doc. 57): "Motion for Summary Judgment of Defendant Jim Brown" (doc. 36); "Motion of Defendant Jim Brown to Strike the Statement of Regina Ashmore" (doc.49); and "Motion of Defendant Jim Brown to Strike Plaintiff's Exhibit 2" (doc. 50). The court finds "Defendant's J. Brooks Harris and Harris & Doyle Homes, Inc.'s Motion to Strike Exhibit 6 to Plaintiff's Response in Opposition to Summary Judgment" (doc. 53) moot because

of the Plaintiff's withdrawal of Exhibit 6 in "Plaintiff's Opposition to Motions to Strike of Defendants Jim Brown, J. Brooks Harris, and Harris & Doyle Homes, Inc." (doc. 54).  For the reasons stated in this Memorandum Opinion, the court will DENY Defendants' Motion for Summary Judgment because genuine issues of material fact exist.

**I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Phillip Franks, not a party to this litigation, has drafted numerous architectural plans for Plaintiff Harbar Homes, Inc. since the 1970s through his company, Residential Concepts, Inc. Harbar is a real estate development and holding company that bought and sold residential real estate and lent money to other real estate and construction businesses until 2008 when it ceased business activity.  Mr. Franks drafted an original architectural plan for Harbar, entitled "27-A," on or about October 8, 2006, and he drafted a revised version of the plan on or about October 30, 2006.  Plan 27-A is the alleged copyrighted work that gives rise to Harbar's copyright infringement claim. Harbar paid Mr. Franks in full for the plan in 2006, and Harbar paid Mr. Franks a duplication or re-print fee of $75.00 each time it needed a copy of the plan.

Before events giving rise to this litigation, no person or entity other than Harbar ever built Plan 27-A.  Harbar Construction, an affiliate of the plaintiff, Harbar Homes, Inc., built Plan 27-A nine times in the Sanctuary at Caldwell Crossings subdivision. Each time Harbar Construction built a home according to Plan 27-A, it paid plaintiff Harbar a license fee.

In the summer of 2010, Jim Brown, no longer a party to this litigation, contacted Mr. Franks to ask him for a copy of Plan 27-A. Mr. Franks testified that he gave the plan to Mr. Brown under the mistaken impression that he was giving the plan to someone within Harbar's "family" or "group," of which Mr. Franks thought Mr. Brown was a member. Mr. Brown works

for Realty South, a real estate company that sold homes in the subdivisions where Harbar constructed houses, but he never worked for Harbar.  Mr. Brown was Realty South's Vice President of New Home Sales and Marketing for approximately fifteen to twenty years until 2010 and is currently a salesman for Realty South. Mr. Brown was not acting as personal representative of Harbar or in privity with Harbar when Mr. Franks gave Mr. Brown the plan, and Mr. Brown did not pay Mr. Franks a fee for the use of the plan.

On July 7, 2010, Mr. Brown and Defendant Harris & Doyle Homes, Inc. entered into a contract for the construction of the residence at issue.  Sometime in the summer of 2010, Mr. Franks and Mr. Harris of Harris & Doyle had a telephone conversation. A dispute exists over the contents of the conversation.  Mr. Franks testified that Mr. Harris did not ask him for a license to use the plan, and that Mr. Harris did not mention to Mr. Franks that Harris & Doyle was using the plan to build Jim Brown's residence. To the contrary, Mr. Harris testified that he told Mr. Franks that he had a client interested in building a home based on plans that Mr. Franks had drafted for Harbar and that Mr. Franks orally granted permission for Mr. Harris to build according to the plans.

On March 31, 2010, defendant Harris & Doyle requested a building permit to construct the residence at issue. The building permit was issued on September 1, 2010. Construction on the residence started sometime after September 2010 and was completed in January 2011. Mr. Brown owns and resides in the residence at issue, and the residence was built according to Plan 27-A.

On October 13, 2010, Mr. Franks validly executed a writing conveying his interest, including any copyright interest, in Plan 27-A to Harbar, effective retroactively October 2006,

3

when the plan was created, and December 2006, when the plan was revised. The assignment expressly states that it memorializes the transfer and assignment of Plan 27-A from Mr. Franks to Harbar that occurred in 2006.

Although no dispute exists regarding the validity of the assignment, a genuine dispute exists about the contents of the 2006 oral agreement that was memorialized in the 2010 written assignment. Mr. Franks testified that he understood from the time of the creation of Plan 27-A that he could copy and distribute the plan to Harbar exclusively. Mr. Franks also testified that he had an agreement with Harbar not to give any of the plans he drafted for Harbar to other builders or put the plans in a magazine or design book.

Mr. Franks testified that at the time he delivered Plan 27-A to Harbar Homes in 2006, no agreement was in place about the ownership of the copyright in the plan. Denny Barrow, President of Harbar, testified that in 2005 or 2006, Mr. Franks and Harbar reached an oral agreement that Harbar exclusively owned all rights, including the copyright, in all the plans Mr. Franks drafted for Harbar. Mr. Barrow testified this agreement was in place when Harbar bought Plan 27-A from Mr. Franks in 2006. Mr. Barrow also testified that when he sent the 2010 assignment to Mr. Franks to sign, he told Mr. Franks that the document confirmed their earlier oral agreement that Harbar owned Plan 27-A and all rights in the plan.

Both Mr. Franks and Mr. Barrow testified that the specific issue of copyright was never discussed until approximately a week before execution of the 2010 assignment. Mr. Barrow testified that it was the first time copyright was discussed because it was the first time anyone besides Harbar had used the plans Mr. Franks drafted for Harbar. After the 2010 assignment, Mr. Franks told Harbar for the first time that he had given Mr. Brown a copy of the plan in the

summer of 2010.

On June 22, 2011, Harbar brought this case against Defendants J. Brooks Harris, Harris & Doyle Homes, Inc., JMB Makers, LLC, and James Brown. The one count complaint alleged infringement of a copyright in an architectural work. On a stipulation of dismissal, the court dismissed Defendant JMB Makers, LLC without prejudice, and on a motion to dismiss, the court dismissed Defendant James Brown with prejudice. Defendants J. Brooks Harris and Harris & Doyle Homes, Inc.'s motion for summary judgment is the final motion pending before this court.

## II. STANDARD FOR REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support

its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* If the moving party does not meet its burden, the court must deny the motion for summary judgment.

### III. DISCUSSION

Mr. Harris and Harris & Doyle argue that they are entitled to summary judgment because Harbar did not own the copyright to Plan 27-A at the time of the alleged copyright infringement. Additionally, Mr. Harris and Harris & Doyle argue that Harris & Doyle obtained a license from Mr. Franks, the copyright holder, to use Plan 27-A to build Mr. Brown's home, and thus no copyright infringement exists as a matter of law. The issue is whether Mr. Franks validly transferred the copyright of Plan 27-A to Harbar in 2006 before the alleged infringement by the defendants.

A copyright vests originally in the author of a particular work, such as an architectural plan, and the owner of the copyright has the exclusive right to prosecute an accrued cause of action for infringement of that copyrighted work. 17 U.S.C. § 201(a), 501(b). Mr. Franks, as author of Plan 27-A, owned the copyright in the plan at the time he drafted it and also held the exclusive right to sue for its infringement.

The issue is whether and when Mr. Franks properly transferred the copyright to Harbar. The transfer of a copyright is not valid "unless an instrument of conveyance, or a note or memorandum of the transfer is in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a). The Eleventh Circuit has recognized that this statute can be satisfied "by an oral assignment later ratified or confirmed by a written memorandum of the transfer.*" Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.,* 70 F.3d 96, 99 (11th Cir. 1995) (citing *Arthur Ratenburg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532-33 (11th Cir. 1994)).

In a copyright infringement claim involving the memorialization of a previous oral assignment, the Third Circuit stated that for a plaintiff to get past a defendant's motion for summary judgment, the plaintiff must show some evidence aside from the later written assignment of copyright that is "sufficient to allow a conclusion" that the previous "oral assignment actually occurred." *Barfeoot Architect, Inc. v. Bunge*, 632 F.3d 822, 832 (3rd Cir. 2011).  This case presents a set of facts replete with genuine issues of material fact as to whether the 2010 assignment memorialized a transfer of the copyright in Plan 27-A.  Mr. Barrow and Mr. Frank's differing testimony presents sufficient evidence of a genuine issue of material fact concerning whether a potential oral transfer of the copyright in Plan 27-A occurred when the plan was created in 2006 to preclude judgment as a matter of law.

## IV.  CONCLUSION

In sum, the court finds Mr. Harris and Harris & Doyle's motion for summary judgment is due to be DENIED. A separate order will be filed contemporaneously to that effect.

Dated this 28th day of August, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE